IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 99-138 |
| | ) | |
| JAMES FREDERICK ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 20th day of April, 2009, upon consideration of Petitioner's pro se "Petition for Modification or Remission of Restitution" (Document No. 28) filed in the above captioned matter on March 12, 2009,

IT IS HEREBY ORDERED that said Motion is DENIED.

I. **Background**

On November 4, 1999, Petitioner pled guilty to eight counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. On January 20, 2000, Petitioner was sentenced by this Court to 188 months' imprisonment and 3 years' supervised release. The Court also ordered Defendant to pay restitution in the amount $17,466.00 to various victims; however, the Court found that the economic circumstances of Defendant did not allow the payment of the full amount of the restitution order, and set forth a payment schedule taking this into account.

Specifically, the Court ordered that, while incarcerated, Petitioner make payments toward restitution by participating in the United States Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP") as outlined in the plea agreement, which indicated that 50 percent of his prison salary will be applied to pay any fine or restitution. The Court further ordered that, while on supervised release, Petitioner make monthly payments toward any remaining amount of restitution in an amount equal to 10 percent of his gross monthly income. The Court waived interest on the restitution.

On March 12, 2009, Petitioner filed the present petition, stating that, while incarcerated, he had been working at Unicor Prison Industries and maintaining quarterly payments toward his restitution. However, he alleges that the BOP has discontinued Unicor and that he is, therefore, unable to make restitution payments at this time. He requests that his restitution obligation be suspended until he is transferred to another facility with a Unicor program or until he is released to supervision. For the reasons set forth herein, the Court denies this petition.

II.      **Discussion**

Petitioner does not identify the jurisdictional basis of his petition, and it is not clear what the basis would be. Nonetheless, in any event, to the extent that he is merely asking for the Court to modify his restitution order because of his present

2

inability to make payments, his petition is denied because, under the facts he has alleged, there is no reason for such a modification. The restitution order in this case merely provides that while he is in prison that he participate in the IFRP; there is no requirement that he pay a set amount toward restitution while incarcerated. Regardless of whether he is currently receiving a prison income, as long as he is participating in the IFRP, he is complying with the restitution order. No modification is needed merely because he is no longer working with Unicor.

While it does not appear from the petition that Petitioner is taking issue with his assignment of jobs or the administration of the IFRP, to the extent that he is, this Court would be without jurisdiction to consider his argument because there is no indication that Petitioner has properly exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), as to such matters. The United States Supreme Court has made it clear that the filing, by an inmate, of an action in federal district court before completing the administrative remedy process violates the mandatory exhaustion requirement contained in the PLRA,[1] and requires the action to be dismissed. See Booth v.

---

[1]
Under the PLRA, 42 U.S.C. § 1997e(a), exhaustion of administrative remedies in cases filed by prisoners is mandated:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison,

(continued...)

3

Churner, 532 U.S. 731 (2001); Porter v. Nussle, 534 U.S. 516 (2002). See also DeHart v. Horn, 390 F.3d 262, 273 (3d Cir. 2004); Spruill v. Gillis, 372 F.3d 218, 226-27 (3d Cir. 2004); Concepcion v. Morton, 306 F.3d 1347, 1351-52 (3d Cir. 2002). Issues regarding the administration of the IFRP require exhaustion of remedies under the PLRA before the issue can be raised in district court. See Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006); Ihmoud v. Jett, 2008 WL 887384, at *1 (7th Cir. Apr. 3, 2008); Fripp v. Laird, 179 Fed. Appx. 563 (11th Cir. 2006); Aja v. Bureau of Prisons Staff, 202 F.3d 267 (6th Cir. 1999); United States v. Rumney, 86 F.3d 1147 (1st Cir. 1996).

## III. Conclusion

For the reasons set forth herein, Petitioner's petition is therefore denied.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

cc:     James Frederick Allen
        #06646-068
        U.S. Penitentiary
        P.O. Box 1000
        Lewisburg, PA  17837

---

[1](...continued)
    or other correctional facility until such administrative
    remedies as are available are exhausted.